IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **JOSEPHINE GERSCHEFSKE**, | ) |
| | ) |
| Plaintiff, | ) Case No.: 08-cv-2422 |
| | ) |
| -vs- | ) Judge:    Guzman |
| | ) |
| **COURTYARD BY MARRIOTT,** | ) Magistrate: Mason |
| | ) |
| Defendant. | ) |

## ANSWER TO PLAINTIFF'S COMPLAINT

**NOW COMES** Defendant, **COURTYARD MANAGEMENT CORPORATION,** incorrectly sued as Courtyard By Marriott, by and through one of its attorneys, ROBERT M. BURKE of JOHNSON & BELL, LTD., and for its Answer to Plaintiff's Complaint at Law, state as follows:

1. On 9/28/07, plaintiff, Josephine Greschefske, was lawfully present upon a certain exterior sidewalk at Courtyard By Marriott Hotel premises located at 2175 Marriott Drive, City of West Dundee, County of Kane and in the State of Illinois.

**Answer**: Courtyard Management Corporation admits the allegations contained in paragraph 1 of Plaintiff's Complaint.

2. Then and there, and for a long time prior thereto, defendant, Courtyard By Marriott, a foreign corporation was in ownership, management, possession and control of said Courtyard By Marriott premises located at 2175 Marriott Drive, City of West Dundee, County of Kane and in the State of Illinois.

**Answer**: Courtyard Management Corporation admits that at the time and place alleged, it managed and possessed the subject hotel premises, denies that it owned the subject hotel premises, and denies the improper allegation of

control, which sets forth a legal conclusion and should be stricken from the pleading.

3. Then and there, defendant, Courtyard By Marriott, a foreign corporation did and continues to do business in the County of Cook, in the State of Illinois.

**Answer**: Courtyard Management Corporation admits the allegations contained in paragraph 3 of Plaintiff's Complaint at Law.

4. Then and there, defendant, Courtyard By Marriott, a foreign corporation, was under a legal duty to exercise ordinary care in the ownership, upkeep, safety and maintenance of aid premises located at 2175 Marriott Drive, West Dundee, Illinois, for the safety of those legally upon the premises.

**Answer**: Courtyard Management Corporation admits that its duty was that prescribed by the laws of the State of Illinois and not otherwise and denies that Plaintiff has properly alleged the duty then and there owed by it.

5. Then and there, as plaintiff was emerging rom her parked vehicle, she was caused to trip and fall due to broken, uneven, depressed, defective and dangerous concrete sidewalk slab.

**Answer**: Courtyard Management Corporation lacks adequate information as to whether Plaintiff tripped and fell, and therefore, is without sufficient knowledge or information sufficient to form a belief as to the truth of the averment that Plaintiff tripped and fell. Further answering, Courtyard Management Corporation denies the remaining allegations contained in paragraph 5 of Plaintiff's Complaint at Law.

6. Then and there, defendant knew or in the exercise of ordinary care should have known of the presence of said broken, uneven, depressed, defective and dangerous concrete sidewalk slab.

**Answer**: Courtyard Management Corporation denies the allegations contained in paragraph 6 of Plaintiff's Complaint at Law.

7. Defendant was negligent in one or more of the following ways:

(a) Failed to repair said dangerous area;

(b) Failed in inspect said dangerous area;

(c) Failed to warn of said dangerous area;

(d) Failed to illuminate said dangerous area; and

(e) Allowed said dangerous area to remain.

**Answer**: Courtyard Management Corporation denies the allegations contained in paragraph 6 of Plaintiff's Complaint at Law, including subparagraphs (a) through (e) inclusive.

8. As a direct and proximate result of one or more of the aforesaid acts of negligence of the defendants, plaintiff was caused to sustain severe and permanent injuries, which have and will in the future cause her great pain and suffering, both physical and mental, and she has been and will in the future be compelled to expend large sums of money in and about medical care and attention, endeavoring to be cured of her said injuries and she has been and will in the future be prevented from attending to her usual affairs and occupations.

**Answer**: Courtyard Management Corporation denies the allegations contained in paragraph 8 of Plaintiff's Complaint at Law.

paragraph 13 of Plaintiff's Complaint.

**WHEREFORE**, Defendant, **COURTYARD MANAGEMENT CORPORATION**, denies that Plaintiff is entitled to judgment in the amount sought or any sum whatsoever, and further prays that judgment and costs be entered in favor of Defendant and against the Plaintiff.

### FIRST AFFIRMATIVE DEFENSE

**NOW COMES** Defendant, **COURTYARD MANAGEMENT CORPORATION,** by and through one of its attorneys, ROBERT M. BURKE of JOHNSON & BELL, LTD., and in the alternative to and in addition to its Answer to Plaintiff's Complaint, states that the Plaintiff, **JOSEPHINE GERSCHEFSKE**, was careless and negligent in one or more or all of the following respects, which proximately caused the injuries and damages of which she complains:

(A)   Carelessly and negligently failed to maintain a proper lookout for her own safety;

(B)   Was otherwise careless and negligent.

**WHEREFORE,** Defendant, **COURTYARD MANAGEMENT CORPORATION**, prays for judgment and costs of suit in the event that Plaintiff is found to be more than fifty (50%) percent at fault for causing her own injuries and damages, or in the alternative, prays for a reduction of any damages awarded to the Plaintiff in proportion to the percentage of the Plaintiff's own contributory fault.

Respectfully submitted,

JOHNSON & BELL, LTD.

By:   /s/Robert M. Burke
Robert M. Burke, one of the
Attorneys for Courtyard
Management Corporation

4

ROBERT M. BURKE
JOHNSON & BELL, LTD.
Attorney for Defendants
33 West Monroe Street, Suite 2700
Chicago, Illinois 60603
Telephone: (312) 372-0770