IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **JOSEPHINE GERSCHEFSKE**, | ) |
| | ) |
| Plaintiff, | ) Case No.:   08-cv-2422 |
| | ) |
| -vs- | ) Judge:      Guzman |
| | ) |
| **COURTYARD BY MARRIOTT,** | ) Magistrate: Mason |
| | ) |
| Defendant. | ) |

**REPORT OF PARTIES' PLANNING CONFERENCE**

Pursuant to this Court's Order, Michael P. Concannon, representing the Plaintiff, and Robert M. Burke of Johnson & Bell, Ltd., representing the Defendant, met on June 9, 2008, pursuant to Rule 26(f) to discuss:

(1)    The nature and basis of claims and defenses.

Plaintiff, a Missouri resident and citizen, filed this case in the Circuit Court of Cook County for injuries to her left hip which she allegedly suffered as a result of falling in the parking lot at Defendant's hotel on September 28, 2007.  The nature of the claim is alleged negligence on the part of the Defendant.

The matter was removed to this Court by the Defendant.

(2)    Possibilities for a prompt settlement or resolution of this case.

The parties have discussed settlement but believe some discovery will be required before further such discussion would be helpful.

(3)    To make or arrange for the disclosures required under Rule 26(a)(1); and

(4)    To develop a discovery plan.

   The parties have agreed and submitted a Proposed Scheduling Order.

To that end, the parties propose the following:

A.    The issues in this se may be simplified by taking the following steps:

       This is a negligence case, and expert testimony will be necessary relative to the injuries sustained and any future care and treatment.

B.    The following modifications to discovery requirements of the Federal Rules of Civil Procedure or Local Rules should be made in order to expedite discovery:

       None.

C.    Discovery will be needed on the following subjects:

    1.    The purported condition of the premises which caused Plaintiff to fall.

    2.    The nature and extent of the physical injuries suffered by the Plaintiff.

    3.    As Plaintiff was retired when the accident occurred, there is no wage loss claim.

    4.    Contributory negligence, if any, of the Plaintiff.

    5.    Whether additional parties need to be joined.

D.    Discovery should be conducted in phases.

E.    Discovery is likely to be contentious and management of discovery should be referred to the Magistrate Judge.

    Yes   X        No _____

F.    The parties **do** consent to this matter being referred to the Magistrate Judge Mason for final disposition.

G.    The parties have discussed the possibility of alternative dispute resolution and concluded:

    That it may be appropriate after preliminary discovery has been concluded.

H.    The parties have discussed a prompt settlement or other resolution of this matter.

    The Plaintiff has made a demand of $225,000.00 and the Defendant has offered $5,000.00.

I.    The Court should consider the following methods of expediting the resolution of this matter.

2

The parties will require some discovery before further discussion regarding resolution can take place.

                        Michael P. Concannon, Ltd.

                        By:  /s/ Michael P. Concannon
                              Attorney for Plaintiff


                        Johnson & Bell, Ltd.

                        By: /s/ Robert M. Burke
                              Attorney for Defendant


                        Ronald A. Guzman

                        _____
                        United States District Judge

Dated: _____